IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Regina Gosnell, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:09-cv-03142-RMG |
| ) | |
| v. ) | ORDER |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI'). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c). The matter is currently before the Court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, et seq., D.S.C., which recommends reversal and remand of the decision of the Commissioner. For the reasons set forth below, the Court adopts the Report, reverses the Commissioner's decision and remands the case to the Commissioner for further administrative action.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject,

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir.1971). The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987).

## DISCUSSION

The Magistrate Judge recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded for further administrative action. (Dkt. Entry 23 at 16). This recommendation is based upon the finding of the Magistrate Judge that the Commissioner failed to satisfy the requirements of Social Security Ruling 00-4p, which mandates that "as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, whether there is "consistency" between the evidence offered by the Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT"). The Magistrate Judge further found that there was a "number of conflicts" between the testimony of the VE and the DOT, and the Commissioner failed to obtain from the VE, as required by SSR 00-4p, "a reasonable explanation for the conflict before relying on the VE...evidence to support a determination or decision about whether the claimant is disabled." The Commissioner objects to the Magistrate Judge's Report and Recommendation, asserting *inter alia* that there is no conflict between the VE testimony and the DOT and, even if such conflict does exist, the error by the ALJ was harmless.

SSR 00-4p states, in pertinent part,

Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an *apparent* unresolved conflict between VE or VS evidence and the DOT, the adjudicator *must* elicit a reasonable explanation for the conflict *before* relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, *as part of the adjudicator's duty to fully develop the record*, the adjudicator *will inquire, on the record, as to whether or not there is such consistency*.

Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the

> explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.
>
> . . .
>
> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an *affirmative responsibility* to ask about any *possible* conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
>> Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>>
>> If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000) (emphasis added).

The Commissioner acknowledged in his brief that "the ALJ did not ask the vocational expert whether his testimony was consistent with the DOT. This was an error, as the Commissioner's ruling specifically require[s] the ALJ to make such an inquiry." (Dkt. Entry 18 at 16)[1] As the Commissioner notes, Social Security Ruling 00-4p specifically requires the ALJ to inquire–on the record–as to whether or not there is a consistency between the VE's testimony and the DOT. See SSR 00-4p; Fisher v. Barnhart, 181 Fed. App'x 359, 366 (4th Cir. May 16, 2006) (noting that the ALJ abided by SSR 00-4p in "inquir[ing] on the record whether the

---

[1] The Commissioner contends, however, that "Plaintiff has not met her burden of showing the error was harmful." (Dkt. Entry 18 at 16)

vocational expert's testimony was consistent with the Dictionary of Occupational Titles"); Novak v. Comm'r, No. 9:08-2687-HFF-BM, 2009 WL 1922297, at *3 (D.S.C. June 30, 2009) (rejecting the Defendant's argument that SSR 00-4p "places no affirmative obligation on the ALJ to inquire into whether there are conflicts until a conflict becomes evident," citing Prochanska v. Barnhart, 454 F.3d 731, 735 (7th Cir. 2006), and noting that "Defendant's interpretation is inconsistent with the language of the ruling"). See also, Haddock v. Apfel, 196 F.3d 1084, 1087 (10th Cir. 1999) ("We hold that before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point."); Oxendine v. Massanari, 181 F.Supp.2d 570, 573-75 (E.D.N.C. 2001) (concluding the Fourth Circuit has adopted the rule set out in Haddock, therefore adopting SSR 00-4p); Gull v. Barnhart, No. CIV A. 5:05CV00085, 2006 WL 1982769, at *9 (W.D. Va. July 14, 2006) ("Remand is also appropriate because of the ALJ's failure to inquire about any possible inconsistencies between the VE's testimony and the DOT.")

As the Commissioner notes, failure to make the appropriate inquiry may be harmless error. Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (finding the ALJ's error harmless when the ALJ would have reached the same result notwithstanding an error in his analysis); see also, Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (finding ALJ's failure to ask about conflict between the vocational expert testimony and DOT was harmless error because no conflict existed). The Magistrate Judge concluded such failure was not harmless, as he concluded "[t]his lapse is significant because a number of conflicts appear between the ALJ's ultimate

finding of residual functional capacity (RFC), as included in her hypothetical to the VE, and the DOT's descriptions of the jobs relied upon by the ALJ in finding that the plaintiff is not disabled." (Dkt. Entry 23 at 6) The Court agrees with the Magistrate Judge.

The two jobs identified by the ALJ were "inspector, DOT #741.687-010, which is rated as light work, and "hand packager," DOT #753.687-038, which is also rated as light work. Plaintiff's RFC, however, is for "reduced light work." Specifically, the ALJ stated,

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform reduced light work as defined in 20 CFR 404.1567(b) and 416.967(b). I specifically find that she can lift or carry 20 pounds occasionally and 10 pounds frequently, and she can stand or walk for four hours, total, of an eight hour work day, and sit for four hours of an eight hour work day, with normal breaks. I also find that she has limited use of the left dominant arm for any overhead reaching, and she can perform occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and she can occasionally perform fine manipulation bilaterally. I further find that the claimant needs to avoid workplace hazards such as moving machinery and heights, and she needs to avoid exposure to sharp objects or instruments which could puncture the skin. In addition, I find that the claimant is limited to following simple instructions and performing simple, routine tasks, and she cannot perform work at a production rate or pace.

(Tr. 51-59; see also Report at 3) The Magistrate Judge noted the job of inspector was defined to require (i) "significant" walking or standing; (ii) mostly sitting but with pushing and/or pulling of arm or leg controls; and/or (iii) working at a production rate pace entailing the constant pushing and/or pulling of materials; he also indicated that the job of "hand packager" contains the same definition. (Id. at 6-7) Magistrate Judge Rogers stated, "Although the DOT does not define the term 'significant,' the ALJ found that plaintiff could walk or stand only four hours in an eight-hour workday; could only sit for four hours of an eight-hour workday; and could not work at a production pace." (Id. at 6-7.)

The Court agrees with the Magistrate Judge and therefore overrules the Commissioner's objection. According to the Dictionary of Occupational Titles, both jobs cited by the ALJ–inspector and hand packager–require (i) "significant" walking or standing; (ii) mostly sitting but with pushing and/or pulling of arm or leg controls; and/or (iii) working at a production rate pace entailing the constant pushing and/or pulling of materials. See 1 DICTIONARY OF OCCUPATIONAL TITLES, paint-spray inspector, occupational code 741.687-010 (4th ed. rev. 1991), *available at* 1991 WL 680249; see also 1 DICTIONARY OF OCCUPATIONAL TITLES, packing-line worker, occupational code 753.687-038 (4th ed. rev. 1991), *available at* 1991 WL 680354. In his Objections, the Commissioner asserts that Plaintiff's "residual functional capacity allows for the performance of the second circumstance." (Dkt. Entry 25 at 2) What the Commissioner overlooks, however, is the ALJ's conclusion that Plaintiff can sit for four hours of an eight hour work day. If Plaintiff is only able to sit for four hours of an eight hour work day, it is unclear how Plaintiff can, as Commissioner asserts, perform the second circumstance. Accordingly, this Court concludes the ALJ's failure to comply with SSR 00-4p was not harmless error, and therefore overrules the Commissioner's objection.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that the Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to the Commissioner for further administrative action as set forth herein.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Judge

January 14, 2011
Charleston, South Carolina