IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Regina Gosnell, ) | Civil Action No. 4:09-2531-42-RMG |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Michael J. Astrue, Commissioner of Social Security Administration, ) | |
| Defendant. ) | |

Before the Court is Plaintiff's motion to alter or amend this Court's earlier order denying Plaintiff's request for attorneys' fees under the Equal Access to Justice Act. This Court has again reviewed this matter *de novo* to consider this request but denies the motion. Fees under the Equal Access to Justice Act are not warranted at this time.

The Equal Access to Justice Act provides attorneys' fees in actions where the government's position is not substantially justified. The substantial justification test is one of law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This Court declines to turn an order remanding a case for further proceedings into a situation where the Government's position becomes *de facto* unreasonable. *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988) (noting that conflating the substantial evidence standard with substantial justification under the EAJA "would result in an automatic award of attorney's fees in all [S]ocial [S]ecurity cases in which the government was unsuccessful on the merits.").

There is evidence in the Record, while the Court did not ultimately rule in the Commissioner's favor, which presents the Commissioner with an argument as to why benefits should not be awarded. For example, For example, in August 2006, Dr. Pierce

1

noted that Plaintiff's examination was unremarkable (Tr. 234). A month later, Dr. Montagne suggested that there was a good probability that Plaintiff's hepatitis C could be cured with treatment (Tr. 322). In November 2006, Dr. Korn recommended that Plaintiff avoid vigorous general labor activities (Tr. 354). And in January 2008, Dr. Byrd and his staff thought Plaintiff could sit through a week of jury duty (Tr. 501). These items, could arguably be used to support the finding that Plaintiff could do light work as indicated by the Commissioner and as found by the ALJ. State physicians and psychologists agreed. Moreover, Plaintiff does not contend that a "moderate" difficulty with concentration would have further restricted her.

In addition, an award of fees may later be proper under 42 U.S.C. § 406(b) after remand and at the conclusion of this matter if benefits are awarded. Attorney fees under § 406(b) of the Social Security Act are paid from the claimant's past-due benefits but because Plaintiff had not been awarded any past-due benefits at this time, any petition for fees under § 406(b) of the Social Security Act is premature.

While, Plaintiff may file a petition for fees under the EAJA now, this Court does not find the Government's position was unjustified as indicated in its two prior orders and this one. Accordingly, Plaintiff's motion is denied without prejudice to any later rights that may accrue with respect to seeking fees. Based on the above, the motion to reconsider the denial of attorneys' fees is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 25, 2011
Charleston, South Carolina

2